**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                            Case No.: 8:16-bk-04675-KRM
                                                                                         Chapter 7
David Michael Fagan and
Dianna Darlene Fagan,

Debtor(s)                              /

MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS
(6457 Rookery Circle, Bradenton, FL 34203)

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST A HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Brad W. Hissing, Esq., 1010 N. Florida Avenue, Tampa, FL 33602, and any other appropriate persons within the time allowed.**
>
> **If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**
>
> **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

COMES NOW Beth Ann Scharrer, Chapter 7 Trustee, by and through her undersigned counsel, and hereby moves for authority to sell certain improved real property and to pay secured creditors, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On May 31, 2016, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Beth Ann Scharrer was appointed Chapter 7 Trustee (the "Trustee").

6. The Debtors owns real property, by virtue of a deed, located at 6457 Rookery Circle, Bradenton, FL 34203, more particularly known as:

> LOT 56 OF TARA PHASE III, SUBPHASE H, A SUBDIVISION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 38, PAGE(S) 48-53, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA (the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

   a. a first mortgage from David M. Fagan and Dianna D. Fagan, husband and wife to Coldwell Banker Mortgage recorded August 24, 2005 in O.R. Book 2051 Page 5566, Public Records of Manatee County, Florida. There was a subsequent Corporate Assignment of Mortgage between Mortgage Electronic Registration Systems, Inc. as Nominee for Coldwell Banker Mortgage (Assignor) to Nationstar Mortgage, LLC

  (Assignee) dated November 2, 2015 and recorded on March 24, 2016 in O.R. Book 2612 Page 4386 of the aforementioned Public Records. Nationstar Mortgage, LLC thereafter filed a Notice of Lis Pendens on January 20, 2017 in the aforementioned Public Records for the purpose of foreclosing its interest in the Property. Nationstar Mortgage, LLC will hereinafter be referred to as the "Secured Creditor" or "Nationstar".

 b. a Claim of Lien in favor of Tara Master Association, Inc. recorded December 22, 2016 at O.R. Book 2653, Page 1 of 1, Public Records of Manatee County, Florida;

8. The Trustee has accepted an offer from James Theodore Razmus and Shirley Jean Razmus, (the "Buyers") to purchase the Property in the amount of $295,000.00, as payment in full (subject to Court and lienholder approval). The current offer was not the only offer on the Property but is the highest offer received. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

9. Any current real property taxes will be paid prorated.

10. The sale price of $295,000.00, net the closing costs will be enough to satisfy the above referenced mortgage, as agreed to by Nationstar and Tara Master Association, Inc., that encumbers the property (an escrowed surplus or other surplus amounts shall be turned over to the bankruptcy estate). If the affected lienholder no longer consents to their proposed treatment they are hereby on notice that they need to object to the proposed sale of the Property.

11. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit "A." The proposed disbursement of sales proceeds to the bankruptcy estate is approximately $7,500.00.

## AUTHORITY TO SELL

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

## CONCLUSION

13. The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $295,000.00 in exchange for the Property.

WHEREFORE, the Trustee moves for the entry of an Order:

a. Authorizing the sale of the Property and,

b. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtors or any other party claiming an interest in the Property to the Purchaser;

c. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements as Seller on or after the closing of the

sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding utilities (if any) in regards to the Property (c) any outstanding Home Owner's Association fee or assessment arrearages; and (d) other anticipated closing costs:

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% to Century 21 Beggins | $ 17,700.00* |
| * To be shared with Broker and with cooperating buyer's agent | |
| Title Charges: | $ 1,557.00 |
| Government recording / transfer charges: | $ 2,065.00 |
| Other / Debits | $    241.52 |
| (incl. utility arrearages, lien search fees, e-recording fees) | |
| Satisfaction of Liens: | |
|     Nationstar Mortgage, LLC (home mortgage) | $264,151.92 |
|     Home Owners Association Dues and | $ 950.00 |
|     Estoppel Letter (if any) | |
| 2017 County Taxes (pro-rated) | $ 1,150.19 |

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these amounts as Seller, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration. Note that the Settlement Statement calls for additional closing costs to be paid by the Buyer.

    d. Determining that the Buyer has not assumed any liabilities of the Debtors, and

    e. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Brad W. Hissing
Brad W. Hissing Esq.
Florida Bar #854794
Wetherington Hamilton, P.A.
1010 North Florida Ave.
Tampa, FL 33602
(813) 225-1918 (813) 225-2531 (fax)
bwhpleadings@whhlaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery as indicated on June 13, 2017 to:

Lien Holders:
Nationstar Mortgage, LLC c/o Ashley Prager Popowitz, Esq., Ashley.Popowitz@mrpllc.com;
Nationstar Mortgage, LLC c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525;

Tara Master Association, Inc., c/o Richard Weller, Esq., Registered Agent, 1410 8th Avenue West, Bradenton, FL 34205;

Debtors, David Michael Fagan and Dianna Darlene Fagan, 1671 Medina Avenue, Lady Lakes, FL 32159;

Debtors' Counsel, Melanie Archer Newby, Esq., melanie.newby@jodatlawgroup.com;

Chapter 7 Trustee, Beth Ann Scharrer, bscharrertrustee@gmail.com

United States Trustee, ustp.region21.ecf@usdoj.gov

and all parties of interest as set forth on the attached mailing matrix pursuant to Federal Rule of Bankruptcy Procedure 2002 and Local Rule 2002-1(c).

/s/ Brad W. Hissing
Brad W. Hissing Esq.